I respectfully dissent.
 {¶ 30} As reflected in the majority's statement of the case, at a status conference and case management conference, the magistrate documented that the parties would be contesting the allocation of parental rights, property division, spousal support and the allocation of marital debt. On May 20, 2005, appellant's counsel then withdrew and appellant did not appear at the next status conference. At this status conference it was set down for an uncontested divorce hearing on June 27, 2005, approximately five weeks after appellant's counsel withdrew. Three days before the hearing, appellant filed a motion for a continuance in order to obtain counsel. The motion was not ruled upon prior to the hearing.
 {¶ 31} At the June 27, 2005 hearing, appellant appeared pro se and renewed his motion for continuance. Appellee appeared with counsel and presented a proposed divorce decree prepared on her behalf by counsel.
 {¶ 32} Appellant indicated to the court that he had just been presented with appellee's decree that day and had not had a chance to thoroughly review it. He also indicated that he wanted a chance to further review it with counsel and that from what he had reviewed, it seemed unfair to him.
 {¶ 33} The trial court denied his motion for a continuance and without the presentation of any evidence proceeded to indicate it would sign appellee's proposed entry. The only change the court indicated it would make would be to cut appellee's award of attorney fees in half.
 {¶ 34} The grant or denial of a continuance is within the sound discretion of the trial court. However, this discretion is not unlimited. Where, as here, appellant requested a continuance to review his wife's proposed decree that he just received, and no evidence was presented at all to support the contents of the decree, a trial court abuses its discretion in not granting a continuance. Furthermore, a party cannot be forced into agreeing to a proposed order and a court cannot adopt one side's unilateral proposed order without the presentation of evidence to support it.
 {¶ 35} I would reverse and remand for an evidentiary hearing.